UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael Massel,<br>*individually and on behalf of all others similarly situated*<br><br>v.<br><br>Luxy Limited,<br><br>Defendant. | Case No. |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Michael Massel ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his attorneys, James L. Simon of Simon Law Co., Michael L. Fradin of Fradin Law, LLC and their associated attorneys, and brings this class action complaint against Luxy Limited, which in an online dating site self-described as "the best elite and selective dating site in the world." ("Luxy" or Defendant), pursuant to Fed. R. Civ. P. 23 and alleges as follows:

## NATURE OF THE ACTION

1. This is a Class Action for money damages arising from Defendant's violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et. seq*., ("BIPA") in that Defendant illegally collected, stored and used Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information ("biometrics") without informed written consent, in direct violation of BIPA.

2. Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For

1

example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.* In response to these concerns over the security of individuals' biometrics, (740 ILCS 14/5(b)) Illinois enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see id.*; (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a) and (b).

3. In violation of each of the foregoing provisions of §15(a) and (b) of BIPA, the Defendant collected, stored, and used – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens.

4. If Defendant's database of biometric information were to fall into the wrong hands, by data breach or otherwise, the customers to whom these sensitive biometric identifiers belong could have their identities stolen. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks, which are inherently presented by the collection and storage of biometrics, and a right to know how long such risks will persist after termination of their accounts. Yet Defendant never adequately informed anyone of its biometrics collection practices, never obtained written consent from customers and former customers regarding its

biometric practices, and never provided any data retention or destruction policies to anyone.

5. Plaintiff seeks class certification pursuant to Fed. R. Civ. P. 23 and on behalf of all others similarly situated ("the Class"), bring this action against for claims against Luxy relating to actual harm and injury suffered by Plaintiff and others who are similarly situated.

## PARTIES

### I. PLAINTIFF

6. Plaintiff, Michael Massel, is and at all times relevant to this action was, a resident of Illinois.

7. Plaintiff opened or used Luxy's platform following Luxy's adoption of biometric security and identification features and within the five years preceding the filing of this Action.

8. Upon opening or using his account with Luxy, Plaintiff was required to undergo an identify verification process whereby Defendant required Plaintiff to submit to numerous face scans to verify his identity and secure his Luxy account.

9. At no time was Plaintiff informed in writing that his biometric information was being collected or stored or of the specific purpose and length of term for which his biometric information was being collected, stored, and used.

10. At no time did Plaintiff execute a writing releasing or permitting Defendant to utilize his biometric information.

11. At no time was Plaintiff provided with a publicly available written policy regarding a schedule or guideline for the retention and permanent destruction of his biometric information.

### II. DEFENDANT

12. Defendant Luxy Limited is a Hong Kong corporation which markets itself and

3

does substantial business with users located in and residing within the state of Illinois.

13. Luxy is an online dating service which caters to people desiring to meet wealthy companions which describes itself as "the best elite and selective dating site in the world." *See* onluxy.com (last visited Jan. 26, 2023).

14. As part of its business model, Luxy requires its users, including Plaintiff, to undergo a series of facial scans in order to verify their identities and ensure that such users can meet the standards required by Luxy in order to have access to the dating site.

15. Facial geometry scans are unique, permanent biometric identifiers associated with each user that cannot be changed or replaced if stolen or compromised. Luxy's unlawful collection, obtainment, storage, and use of its users' biometric data exposes them to serious and irreversible privacy risks. For example, if Luxy's database containing facial geometry scans or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, Luxy users have no. means by which to prevent identity theft, unauthorized tracking or other unlawful or improper use of this highly personal and private information.

16. However, Luxy does not inform its users in writing that biometric identifiers or information will be collected or stored.

17. Luxy does not inform its users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used.

18. Luxy does not receive a written releases from its users for the collection of his or her biometric identifiers or information.

19. Luxy does not publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.

## JURISDICTION AND VENUE

20. This is a Class Action Complaint for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq*.) brought pursuant to Fed. R. Civ. P. 23 seeking statutory and actual damages.

21. Venue is proper in this Court because a substantial amount of the acts and omissions giving rise to this Action occurred withing this judicial district.

22. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Plaintiff and the proposed class members are all residents of Illinois, Defendant is a foreign resident and the amount in controversy exceeds $75,000.

23. This Court has jurisdiction over this dispute pursuant to the Class Action Fairness Act ("CAFA") because the prospective class includes over 100 people and the amount in controversy exceeds $5,000,000.

## FACTS COMMON TO ALL COUNTS

I. **Illinois' Biometric Information Privacy Act**

24. In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

    (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored;

    (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used: and

5

      (3)    receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

25. Section 15 (a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

26. As alleged herein, Luxy's practice of collecting, storing, and using individuals' biometric identifiers without informed written consent violate all three prongs of § 15(b) of BIPA. Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric information also violates §15(a) of BIPA.

## II. Defendant's Utilization of Biometric Information to Advance their Commercial Interests

27. Luxy has implemented biometric technology including face scans to verify its users' identities, to ensure that such users can meet the standards Luxy requires for having access to the dating site, and/or in in furtherance of Luxy's role in operating, managing, conducting or directing the business interests.

28. Plaintiff's biometric information was collected, captured, stored and used by Defendant in furtherance of the commercial interests of the Defendant.

## III. Defendant's Violations of Illinois' Biometric Information Privacy Act

29. Defendant utilized its facial recognition scans for the purposes of establishing

and furthering its strategic niche in the web-based dating market.

30. Upon investigation and belief, Defendant is violating BIPA in collecting and storing the biometric information of all of their Illinois users, as Luxy is not first informing users in writing that their biometric information is or will be collected and stored; Luxy is not first informing users in writing of the specific purpose and length of term for which their respective biometric identifiers or biometric information will be collected, stored, and/or used; nor is Luxy first securing written releases from each respective user.

## CLASS ACTION ALLEGATIONS

31. This action is brought by the named Plaintiff on his own behalf and on behalf of a proposed Class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23, defined as follows: All Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by the Defendant in violation of 740 ILCS 14/1, et. seq.

32. All members of the proposed Class are citizens of Illinois. The principal injuries resulting from the alleged conduct or any related conduct were incurred in Illinois.

33. The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of the Defendant's, and it is believed that the Class may include hundreds or thousands of members.

34. Common questions of law or fact arising from the Defendant's conduct exist as to all members of the Class, as required Fed. R. Civ. P. 23. These common questions include, but are not limited to, the following:

       a. Whether the Defendant captured, collected, stored or used the biometric information of Plaintiff and the Class?

7

      b.      If the Defendant captured, collected, stored or used the biometric information of the Plaintiff and the Class, did the Defendant inform the Plaintiff and the Class in writing that a biometric identifier or biometric information was being collected or stored?

      c.      If the Defendant captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendant inform the Plaintiff and the Class in writing of the specific purpose and length of term for which a biometric identifier or biometric information was being collected, stored, and used?

      d.      If the Defendant captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendant receive a written release executed by the Plaintiff and the Class of the biometric identifier or biometric information or the Plaintiff's or Class' legally authorized representative?

      e.      If the Defendant captured, collected, stored or used the biometric information of the Plaintiff's and the Class, did the Defendant develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

      f.      Whether Defendant required customers to provide biometric information?

      g.      Whether the Defendant captured, collected, stored or used the biometric information of customers?

35. Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of

8

this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

36. Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

37. Plaintiff will fairly and adequately protect the interests of the Class which Plaintiff represents. The interests of Plaintiff, as the Class representative, is consistent with those of the members of the Class. In addition, Plaintiff is represented by counsel experienced in complex and class action litigation.

38. The prosecution of separate actions by individual members of the Class would create a risk of:

    a. Inconsistent or varying adjudications with respect to individual members of the Class; and

    b. Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

39. Plaintiff and Class members envision no unusual difficulty in the management of this action as a Class action.

## COUNT I
**Violation of 740 ILCS 14/1 et seq. (On Behalf of Plaintiff and the Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Defendant is duly licensed to transact business in the State of Illinois.

42. Defendant is a "private entity" pursuant to BIPA.

43. Defendant is a private entity that collects biometric information.

44. BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject. . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

45. Plaintiff and the Class Members are Illinois citizens that had their "biometric information" collected and stored by Defendant or its agents through, *inter alia*, copying/recording of their respective facial geometry and possibly other individual biometric data points.

46. Defendant's receipt, collection, storage, and/or trading of the Plaintiff's and Class members' biometric data was systematic and done without first obtaining the written release required by 740 ILCS 14/15(b)(3).

47. Also, Defendant failed to properly inform the Plaintiff or the Class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(2).

48. Similarly, Defendant failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the Plaintiff or Class members, as they were required to do pursuant to 740 ILCS 14/15(a). The failure by Defendant to provide Plaintiff and the Class members with a retention schedule or guidelines for permanently destroying

Plaintiff's or the Class members' biometric identifiers or biometric information constitutes an independent violation of the statute.

49. Upon information and belief, Defendant disclosed Plaintiff's and the Class members' biometric identifiers and biometric information to at least one third-party vendor.

50. Defendant's collection, storage, trading, and/or use of the Plaintiff's and Class members' biometric identifiers, information or data described herein, violates the rights of Plaintiff and each Class member to keep private this information, as provided in BIPA.

**WHEREFORE**, individually, and on behalf of the proposed Class members, the Plaintiff prays for: (1) certification of this case as a class action pursuant to Fed. R. Civ. P. 23 appointing the undersigned counsel as class counsel; (2) a declaration that Luxy has violated BIPA, 740 ILCS 14/1 *et seq*.; (3) statutory damages of $5,000.00 for the intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 per violation pursuant to 740 ILCS 14/20(1) in the event the court finds that Defendant's violations of BIPA were negligent; (4) reasonable attorneys' fees and costs and other litigation expense pursuant to 740 ILCS 14/20(3); (5) actual damages; and (6) for any other relief deemed appropriate in the premises.

**SECOND CAUSE OF ACTION**
**Negligence**
**(On Behalf of Plaintiff and the Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Defendant owed Plaintiff and the Class members a duty of reasonable care. That duty required that Defendant exercise reasonable care in the collection and use of Plaintiff's and the Class members' biometric data.

44. Additionally, Defendant owed Plaintiff and the Class members a heightened

11

duty – under which it assumed a duty to act carefully and not put Plaintiff and the Class members at undue risk of harm because of the relationship of the parties.

45. Defendant breached its duties by failing to implement reasonable procedural safeguards around the collection and use of Plaintiff's and the Class members' biometric identifiers and biometric information.

46. Specifically, Defendant breached its duties by failing to properly inform Plaintiff and the Class members in writing of the specific purpose or length for which their biometric information was being collected, stored, and used.

47. Defendant also breached its duties by failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class members' biometric data.

48. Upon information and belief, Defendant breached its duties because it lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class members' biometric data and has not and will not destroy Plaintiff's or the Class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied within three years of individuals' last interactions with the company.

49. These violations have raised a material risk that Plaintiff's and the Class members' biometric data will be unlawfully accessed by third parties.

50. Defendant's breach of its duties proximately caused and continues to cause an invasion of Plaintiff's and the Class members' privacy.

**Wherefore**, Plaintiff seeks an order declaring that Defendant's conduct constitutes negligence and awarding Plaintiff and the Class members damages in an amount to be calculated at trial.

**DEMAND FOR JURY TRIAL**

Plaintiff and the Class members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

Dated: January 27, 2023　　　　　　　　　Respectfully submitted,


s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
Fradin Law, LLC
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (pro hac vice forthcoming)
Simon Law Co.
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 816-8696
Email: james@simonsayspay.com